UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

THOMAS DOLAN,
          Plaintiff,

          v.                          CIVIL ACTION NO. 10-10249-PBS

RALPH TAVARES, ET AL.,
          Defendants.

MEMORANDUM AND ORDER
August 6, 2010

SARIS, U.S.D.J.

**I. INTRODUCTION**

On February 12, 2010, plaintiff Thomas Dolan ("Dolan") filed the instant civil rights action against Bristol Superior Court Officer Ralph Tavares ("Tavares") and Bristol Court Librarian Diane Connell ("Connell"), in their individual capacities. The case arises out of an incident at the law library located inside the Bristol County Superior Courthouse in New Bedford, Massachusetts, where Dolan was a frequent patron. On February 17, 2010, Dolan filed an Amended Complaint (Docket No. 5), asserting asserts that on February 22, 2007, Tavares and Connell violated, *inter alia*, his First and Fourteenth Amendment rights by causing him to be constructively evicted him from a public law library and prevented from his continued access to that library.

The underlying incident is as follows. Dolan was using the law library at the Bristol County Superior Court House for the purpose of researching constitutional law in connection with his intended lawsuit against the New Bedford Public Library and

others, which was later filed in 2009.  <u>See</u> <u>Dolan v. The City of</u>
<u>New Bedford, et al.</u>, C.A. 09-10171-JLT (filed Feb. 5, 2009;
Stipulation of Dismissal filed Feb. 1, 2010).[1]  While Dolan was
conducting his research, two attorneys began a discussion inside
of the law library.  Their discussion bothered Dolan and
interrupted his research, so he asked the attorneys to stop.
Dolan contends that the two attorneys stopped without argument or
raised voice.

A short time later, defendant Connell, a law librarian,
approached Dolan and reprimanded him for asking the attorneys to
stop conferencing.  She told Dolan that instead of asking fellow
library patrons to refrain from conferencing in the library
himself, he should have brought the attorneys' behavior to her
attention and she would take care of addressing violations of the
law library rules.  A verbal altercation ensued, and Dolan
advised Connell that the attorneys' behavior interfered with his
thinking and violated library rules.  He stated further that
these rules did not prohibit him from directing his complaint to
the persons who violated them.  Dolan also claims that Connell
reprimanded him for copying down and analyzing the library's

---

[1]     The allegations in that action are similar in that Dolan
alleged that the defendants retaliated against him for exercising
his First and Fourteenth Amendment rights to use a public
library.

2

posted rules at an earlier date.  She also expressed to Dolan
that other library patrons felt uncomfortable by his presence in
the law library.  Dolan stopped the conversation and resumed his
reading.  He claims that Connell "went off in a huff."  Am.
Compl. at ¶ 39.

Later that day, Dolan retreated to the auxiliary part of the
law library where he was busy writing a memorandum, when
defendant Court Officer Tavares found him in the law library.
Dolan claims Tavares "abruptly interrupted" his writing, and
"insultingly" referred to his writing as "legal jargon."  Id. at
¶ 40(c)-(d).  Tavares then introduced Dolan to an armed,
uniformed officer stationed nearby.  Dolan contends that the
police officer was stationed in a position to supervise him
closely and for the purpose of doing so.  Tavares informed him
that he was taking such police action against him because of the
reports that Dolan made people feel uncomfortable.  Dolan claims
he was not afforded any opportunity to defend himself or rebut
the accusations.  He further claims that Tavares threatened and
publicly humiliated him by announcing in a loud voice that if
Dolan did not behave, he would be arrested, and that he had the
power to do that.  Dolan was unnerved by this incident, and
abandoned his writing and left the law library.  He asserts this
was not by free choice, but because he had been "driven out" by

Tavares. <u>Id.</u> at ¶ 42.  As Dolan was leaving the courthouse, he encountered Tavares by chance, on the first floor.  Dolan then attempted to speak with him despite Tavares's persistent refusal to discuss anything with him.  Tavares then told Dolan that it was his "always being in the law library" that made people feel uncomfortable, then went on to state that: "[y]ou're always here. You're here all the time.  What's taking you so long!"  <u>Id.</u> at ¶ 48.  Dolan then replied that he was researching principles of constitutional law.  In response, Tavares told Dolan that he was intelligent enough to find some other place -- other than the law library -- where he could conduct his researching and writing. <u>Id.</u> at ¶ 50.  Dolan also contends that Tavares advised him not to come to the library so much anymore, because his constant presence made people feel uncomfortable.  As a result of this incident, Dolan felt that he had no choice but to stay away from the law library in the future.

Dolan's Amended Complaint contains nine counts: (1) Count I asserts a claim against Tavares for violation of his rights to Freedom of Thought, Access to Laws, Courts and Public Library, and due process, in violation of 42 U.S.C. § 1983; (2) Count II asserts the same claims against Connell as in Count I; (3) Count III alleges that Tavares and Connell individually and jointly, "by collusion, colloguing, common design, and causal nexus"

violated Dolan's rights to Freedom of Thought, Access to Laws,
Courts and Public Library, and due process, in violation of 42
U.S.C. § 1983; (4) Count IV alleges that Tavares, through threat,
intimidation and coercion, interfered with Dolan's rights to
Freedom of Thought, Access to Laws, Courts and Public Library,
and due process, in violation of the Massachusetts Civil Rights
Act; (5) Count V asserts the same claims against Connell as in
Count IV; (6) Count VI alleges that Tavares and Connell
individually and jointly, "by collusion, colloguing, common
design, and causal nexus" violated Dolan's rights to Freedom of
Thought, Access to Laws, Courts and Public Library, and due
process, in violation of the Massachusetts Civil Rights Act; (7)
Count VII asserts a state-law claim against Tavares for
defamation; (8) Count VIII asserts a state-law claim against
Tavares for intentional infliction of emotional distress; and (9)
Count IX is a state-law claim against Tavares for intentional
interference with advantageous relationship (with the law
library).

   In response to Dolan's Amended Complaint, on April 9, 2010,
the defendants jointly filed a Motion to Dismiss the Amended
Complaint (Docket No. 11) with supporting Memorandum of Law
(Docket No. 12).  Thereafter, Dolan filed an Opposition (Docket
No. 14).

In their Motion to Dismiss, defendants interpret Dolan's Amended Complaint to assert § 1983 claims based on an alleged protected right to an "absolutely quiet library environment." Defendants argue that such a right is not constitutionally protected, and even if such a right is constitutionally protected, they were at all times acting in their <u>official</u> capacities, so the claims against them are barred by the Eleventh Amendment and the doctrine of sovereign immunity.  Additionally, defendants argue that, to the extent that Dolan asserts § 1983 violations against them in their individual capacities, the claims are barred by the doctrine of qualified immunity. Finally, with respect to the state-law claims (*i.e.*, violation of the Massachusetts Civil Rights Act against both defendants, tort claims of defamation, intentional infliction of emotional distress and intentional interference with advantageous relationship against Tavares), the defendants assert that this Court should decline to exercise supplemental jurisdiction and should dismiss those claims on that basis.

In his Opposition, Dolan contends that the defendants have misinterpreted his claims.  He maintains that his Amended Complaint did <u>not</u> allege a constitutionally protected right to an "absolutely quiet library environment."  In fact, Dolan states, "[T]here is no such right.  It does not exist in the real world.

6

Rather, 'the right to an absolutely quiet library environment' is a fantastical creation that defendants dreamed up and made into a mantra, which they chant throughout the motion papers." Opposition (Docket No. 14 at 1).  Dolan asserts that his claims against the defendants are that he was "expressly discouraged from exercising his First Amendment right to use the law library, when open to the public, at times of his own choosing -- all of which had the stigmatizing and coercive effect of "... driving plaintiff out to (and keeping plaintiff away from) the public law library."  Id. at 2.  Dolan further claims, *inter alia*, that defendants retaliated against him for exercising his First Amendment rights to freedom of thought and speech and his right to use the public law library; and that defendants violated his due process rights by restricting his use of the law library based on their own thoughts and feelings and not based on the law.  Finally, Dolan argues that he has alleged sufficient facts to survive a motion to dismiss based on the assertion of qualified immunity.

## II. DISCUSSION

A.   Right to Access a Public Library

Although the defendants contend that Dolan has not set forth a constitutionally protected claim to an absolutely quiet library environment, Dolan couches his claims as one for unlawful denial

of access to a public library during business hours, denial of
his First Amendment rights, and retaliation.

This Court has recognized that access to the public
libraries implicates the First Amendment, falling in line with
several other Districts.  Wayfield v. Town of Tisbury, 925 F.
Supp. 880, 888 (D. Mass. 1996); see Kreimer v. Bureau of Police,
958 F.2d 1242, 1264-65 (3d Cir. 1992) ("[T]he First Amendment
protects the right to reasonable access to a public library.");
Hunt v. Hillsborough County, 2008 WL 4371343, *3 (M.D. Fla. 2008)
("Plaintiff had a fundamental right to access the Law Library and
receive the information provided therein."); Armstrong v. Dist.
of Columbia Public Library, 154 F. Supp. 2d 67, 82 (D.D.C. 2001)
("[A]ccess to a public library [] is at the core of our First
Amendment values.").

B.    Standard of Review

To survive a motion to dismiss for failure to state a claim
under Rule 12(b)(6), the factual allegations in a complaint must
"possess enough heft" to set forth "a plausible entitlement to
relief."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).
Dismissal for failure to state a claim is appropriate if the
complaint fails to set forth "'factual allegations, either
direct or inferential, respecting each material element necessary
to sustain recovery under some actionable legal theory.'"  Centro

Médico del Turabo, Inc. v. Feliciano de Melecio, 406 F.3d 1, 6
(1st Cir. 2005)(quoting Berner v. Delahanty, 129 F.3d 20, 25 (1st
Cir. 1997)).  "The factual allegations must be enough to raise a
right to relief above the speculative level."  Twombly, 550 U.S.
at 555.  More recently, the Supreme Court explained in Ashcroft
v. Iqbal, 129 S.Ct. 1937 (2009), that "[t]hreadbare recitals of
the elements of a cause of action, supported by mere conclusory
statements, do not suffice. . . . [And] where the well-pleaded
facts do not permit the court to infer more than the mere
possibility of misconduct, the complaint has alleged-but it has
not 'show[n]'-'that the pleader is entitled to relief.'" Iqbal,
129 S.Ct. at 1949-50.

      With this standard in mind, the Court now turns to each of
the claims against Connell individually (Counts II, V), Tavares
individually (Counts I, IV, VII, VIII), and both defendants
jointly (Counts III and VI).

C.    Claims Against Connell (Counts II, III, V and VI)

      1.    Count II

      With respect to the § 1983 claims against Connell set forth
in Count II, taking as true all facts alleged in the Amended
Complaint and all reasonable inferences in the light most
favorable to Dolan, this Court finds that Dolan still fails to
make sufficient factual allegations to survive the defendants'

Motion to Dismiss.  Dolan's allegation amount to nothing more
than that Connell: (1) reprimanded him for asking fellow library
patrons to refrain from conferencing in the law library; (2)
requested that he bring violations of the law library rules to
her attention in the future; and (3) contacted Officer Tavares
about the altercation with Dolan.  These factual allegations do
not "raise a right to relief above the speculative level."
Twombly, 550 U.S. at 555.  The mere request that Dolan bring
violations of the law library rules to Connell's attention in the
future does not lead to any reasonable inference that by doing so
she was violating Dolan's rights to freedom of thought, access to
laws, courts and the public library or due process.  Her telling
him that people felt uncomfortable by his presence in the library
also does not have constitutional implications.  For all these
reasons, defendants' Motion to Dismiss Dolan's Amended Complaint
is ALLOWED as to Count II.

    2.  <u>Count III</u>

    Similarly, with respect to Count III against Connell,
Dolan's allegations that she and defendant Tavares jointly and in
collusion with him violated his constitutional rights and due
process of law in violation of 42 U.S.C. § 1983 are without
merit.  The Amended Complaint fails to state any facts that lead
to a reasonable inference that Connell intentionally acted so as

to violate Dolan's rights, or that she acted in conjunction or collusion with Tavares to violate his rights.  In fact, Dolan does not allege that Tavares and Connell consulted one another at all regarding Dolan's activities in the law library on February 22, 2007.  Even if, as is presumed, Connell contacted Tavares because of a concern she had with Dolan or because other patrons complained of being uncomfortable around him, there is nothing in these actions that would create an inference that she somehow intended for Dolan to be intimidated, threatened, or constructively evicted from the library.  If, as Dolan contends, she scolded him and advised him that in the future he should bring purported rule violations to her attention so she may address them directly instead of Dolan, the reasonable inference to be drawn is that she had no intention that he would be barred from the library in the future, or believed he would be made to feel he could not return to the library.  Although Dolan pleads that Connell and Tavares acted in collusion, the allegations are conclusory.  There is no plausible claim that Connell's actions were made with deliberate indifference to his constitutional rights to access the law library.  As such, this claim fails to pass muster under the Twombley standard for Rule 12(b)(6) motions.  Accordingly, the defendants' Motion to Dismiss is ALLOWED as to Count III as to Connell.

3.   <u>Count V</u>

Next, with respect to Count V against Connell for violations
of the Massachusetts Civil Rights Act, this Court, exercising
pendant jurisdiction over this claim, cannot find that Dolan has
stated a claim upon which relief may be granted, in light of the
discussion above with respect to Counts II and III.  Simply
stated, there is absolutely nothing in the Amended Complaint from
which it could be reasonably inferred that Connell took any
actions that violated his civil rights, nor are there any facts
to state a claim that Connell used threats, coercion, or
intimidation (either directly or indirectly) to do so.  Again,
Dolan fails to meet the <u>Twombly</u> standard, and his claims amount
to nothing more than bald allegations and legal conclusions,
without any *bona fide* factual underpinnings.

Accordingly, the Court denies defendants' request to decline
supplemental jurisdiction, but ALLOWS the defendants' Motion to
Dismiss as to Count V based on the merits.

4.   <u>Count VI</u>

Similarly, Count VI alleges that Tavares and Connell
individually and jointly violated the Massachusetts Civil Rights
Act through threats, intimidation and coercion.  In light of the
above, Dolan's claim has no merit, and again fails to meet the
<u>Twombly</u> standard.  He fails to show a factual nexus between

Connell's and Tavares's conduct indicating that Connell participated in any venture to interfere with Dolan's civil rights through threats, intimidation or coercion.  The fact that Tavares may have threatened or intimidated Dolan with the idea that he could be arrested is not enough to impute these actions to Connell.

Accordingly, the Court denies defendants' request to decline supplemental jurisdiction, but ALLOWS the defendants' Motion to Dismiss Count VI as to Connell.

To sum, this Court ALLOWS defendants' Motion to Dismiss all claims against defendant Connell.[2]

---

[2]In light of these rulings, the Court need not consider defendants' arguments that Dolan's claims are barred by sovereign immunity as the claims against Connell relate to her actions while functioning in her official capacity (notwithstanding Dolan's unsupported allegation that his claims are asserted against Connell in her individual capacity).  Moreover, this Court need not consider Connell's assertion of qualified immunity.  As an additional matter, the Court finds that Dolan has not alleged any facts to show that he was denied access to the courts by any of the defendants, and, to the extent his Amended Complaint asserts a separate cause of action based on denial of access to the courts, his claims are DISMISSED.  The mere fact that he may have been prevented from completing his memorandum or research in connection with his proposed federal lawsuit is not sufficient.  Indeed, it appears that Dolan was not unduly prejudiced in any manner by the actions of the defendants since his suit was, in fact, filed, and he was able to litigate the matter to satisfactory conclusion (stipulation of dismissal). The Court considers this case essentially to be one grounded in the First and Fourteenth Amendment rights to access a public library, and not as one of access to the courts.

D.   <u>Claims Against Tavares (Counts I, III, IV, VI, VII, VIII, and IX)</u>

    1.   <u>Count I</u>

In Count I of the Amended Complaint, Dolan asserts a § 1983 claim against Tavares for violation of his civil rights in connection with his access to the public library and denial of due process.  Here, giving all reasonable inferences to Dolan's allegations, the Court finds that he <u>has</u> stated a plausible claim upon which relief may be granted, under the <u>Twombley</u> standard. The purported facts giving rise to this conclusion are that Tavares: (1) caused an armed police officer to be placed in a nearby position in the library in order to supervise Dolan; (2) that he indicated in a loud voice that he had the power to arrest Dolan; (3) that he questioned why Dolan was always using the library, what he was doing there, and when he would be finished; and (4) that he advised Dolan that people were uncomfortable by his presence and stated that he should find some other place to conduct his legal research.  Taking these allegations in combination, it was reasonable to assume that someone in Dolan's position could have interpreted Tavares's words and actions to be a deliberate intimidation constituting a veiled threat for the purpose of discouraging continued use of the library.  Dolan has stated a plausible claim under <u>Twombley</u> that he was deprived of

14

access to the library and the ability to take advantage of
library resources, without due process, in violation of the First
and Fourteenth Amendments.  This is sufficient to defeat the
defendants' Motion to Dismiss Count I of the Amended Complaint.[3]
The Court rejects the defendants' assertion of sovereign immunity
with respect to the claims against Tavares, as the claims are
asserted against him in his individual capacity.  Moreover, the
Court also rejects the qualified immunity defense at this
juncture, without prejudice to reassert them at the summary
judgment stage.  As the Supreme Court recently explained, "[t]he
principles of qualified immunity shield an officer from personal
liability when an officer reasonably believes that his or her
conduct complies with the law."  Pearson v. Callahan, 129 S.Ct.
808, 818 (2009).  See Saucier v. Katz, 533 U.S. 194, 201-02
(2001)(setting forth test for qualified immunity);  Mosher v.
Nelson, 589 F.3d 488, 493 (1st Cir. 2009).

Here, it is not clear that Tavares would be entitled to
assert a qualified immunity defense to shield him from liability
for monetary damages.  The United States District Court for the
Middle District of Florida addressed a case similar to the one at

---

[3]As noted previously, this Court finds that Dolan has failed to
state a plausible claim upon which relief may be granted with
respect to access to the courts, and to the extent it is asserted
as a separate grounds for relief, it is DISMISSED.

bar in <u>Hunt</u>, *supra*, 2008 WL 4371343.  In <u>Hunt</u>, the plaintiff was using the public law library when a library assistant began to "single him out" and "treat him with disdain" when he would go to the law library.  <u>Id.</u> at *1.  One day, after speaking with the library assistant, a security officer told plaintiff to leave the library.  <u>Id.</u> at *2.  The District Court determined that there was an issue of material fact regarding the motivating factors behind the decision to dismiss plaintiff from the library, and therefore at that time, the defendants were not entitled to qualified immunity.  <u>Id.</u> at *4.  The court decided to allow ninety days of discovery on the issue of qualified immunity.  <u>Id.</u> In light of <u>Hunt</u>, this Court finds that the better practice here would be to deny the qualified immunity defense as to Tavares without prejudice, and permit the parties an opportunity to take discovery if they so choose, on the issue of motivation and knowledge of Tavares.[4]  Thereafter, Tavares may file a motion for

---

[4]<u>See</u> <u>Hunt</u>, 2003 WL 4371343, at *4 ("According to Plaintiff's version of the facts, he was neither engaging in disruptive activity nor violating any of the Law Library's rules or regulations at the time he was given his trespass warning.  Under these circumstances, Plaintiff has raised a material issue of fact regarding whether Wise's and Pilver's conduct was motivated, even in part, by lawful considerations.  Accordingly, the Court concludes that at this stage neither Wise nor Pilver [the Director of the Law Library and librarian assistant, respectively] are entitled to qualified immunity.... However, Wise and Pilver may limit discovery for the next ninety days to the issue of qualified immunity and again raise the issue on

summary judgment based on qualified immunity, if appropriate.[5]

Accordingly, defendants' Motion to Dismiss Count I is DENIED without prejudice.

2. <u>Count III</u>

In light of this Court's ruling that Dolan has failed to state a § 1983 claim against Connell for collusion with Tavares, the concomitant claim against Tavares for collusion with Connell also fails.  Again, there is nothing in the facts alleged by Dolan, nor are there any reasonable inferences therefrom, that would support a claim that the two defendants conspired with a common design to interfere with Dolan's constitutional rights.

Accordingly, the defendants' Motion to Dismiss Count III as to Tavares is ALLOWED.

3. <u>Count VI</u>

In view of the discussion above with respect to the dismissal of Count VI against Connell (finding the failure to state a claim involving threat, intimidation and coercion to

---

summary judgment.").

[5]The Court finds the facts alleged in <u>Hunt</u> with respect to the Director of the Law Library and the library assistant to be sufficiently distinguishable from those alleged against Connell in this action.  Therefore, unlike the Tavares claims, no further opportunity for discovery as to the qualified immunity issue with respect to Connell is necessary.

violate Dolan's civil rights under the Massachusetts Civil Rights
Act), this Court will ALLOW defendants' Motion to Dismiss Count
VI as to Tavares.

    4.   <u>Other State Law Claims (Counts IV, VII, VIII and IX)</u>

Because the § 1983 claim with respect to Tavares's actions
remains in this case, this Court <u>will</u> exercise supplemental
jurisdiction under 28 U.S.C. § 1367(a) over Dolan's claims under
the Massachusetts Civil Rights Act (Count IV); for defamation
(Count VII), for intentional infliction of emotional distress
(Count VIII); and (9) for intentional interference with
advantageous relationships (Count IX).  Accordingly, the
defendants' Motion to Dismiss those counts (based on the
contention that this Court should decline to exercise
supplemental jurisdiction) is DENIED.  However, if I grant
summary judgment on the § 1983 claim, I will revisit the issue.

E.   <u>Referral to this Court's Alternative Dispute Resolution
Program</u>

Upon consideration of the merits of this action and the
various expenses that may be incurred by both parties in the
prosecution and defense of this action, particularly with respect
to the discovery process and further dispositive motion practice
and/or trial, this Court considers that this case would benefit
by the parties' participation in mediation through this Court's

Alternative Dispute Resolution Program ("ADRP").

### III. CONCLUSION

Based on the foregoing, it is hereby Ordered that:

1.  Defendants' Motion to Dismiss the Amended Complaint (Docket No. 11) is ALLOWED in part and DENIED in part as follows:

    A.  The Motion to Dismiss all claims against defendant Connell (Counts II, III, V, and VI) is ALLOWED;[6]

    B.  The Motion to Dismiss claims against defendant Tavares is ALLOWED as to Counts III and VI, and DENIED as to Counts I, IV, VII, VIII, and IX;

2.  This case is referred to this Court's Alternative Dispute Resolution Program for mediation;

3.  The parties have 90 days from the date of this Order to complete fact discovery.  Any motion for summary judgment shall be filed by December 1, 2010; and

4.  The matter is referred to Magistrate Judge Bowler for case management and a Report and Recommendation on any motion for summary judgment.


SO ORDERED.


                              /s/ Patti B. Saris
                              PATTI B. SARIS
                              UNITED STATES DISTRICT JUDGE


---

[6]This opinion is not intended as a separate and final judgment against Connell.